IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC.   :
                                        :
                                        :
   v.                                   :      Civil No. CCB-15-174
                                        :
                                        :
DARRICK CHRISTIAN                  :
                                        :

## MEMORANDUM

J & J Sports Productions, Inc. ("J & J") sues Darrick Christian in his capacity as trustee for the surviving assets of East Los LLC, trading as Taylor Made Café ("Taylor Made"), for the unauthorized broadcast of a boxing match in violation of 47 U.S.C. §§ 553, 605 and conversion. After entry of default against Christian for failure to defend, J & J moved for a default judgment, seeking $151,500 in damages. No hearing is necessary to resolve that motion. *See* Local Rule 105.5 (D. Md. 2014). For the reasons explained below, J & J's motion will be granted but the damages award will be adjusted downward from the exorbitant figure J & J proposes.

## BACKGROUND

J & J is a California corporation that distributes sports programming. (*See* Compl. 2–3, ECF No. 1.) It purchased the exclusive television distribution rights to a program featuring a boxing match between Floyd Mayweather, Jr., and Miguel Cotto for the WBA World Light Middleweight Championship, along with undercard fights and accompanying commentary (the "program"), which aired on May 5, 2012. (*See* Compl. 2–3.) J & J subsequently entered sublicensing agreements with commercial establishments, including establishments in Maryland, authorizing those entities to exhibit the program to their patrons. (*See* Compl. 3.) In an affidavit

appended to J & J's complaint, a private investigator declared that on the evening of May 5, 2012, he paid a $15 cover charge to enter Taylor Made, where he observed the program playing on two televisions in the establishment. (*See* Compl., Attach. 2, Modzelewski Aff. 1, ECF No. 1-2.) The investigator estimated that five people were present at that time. (*See id.*) According to the rate card for the program, J & J would have charged $2,200 to exhibit the program publically to five people. (*See* Mot. Default J. Ex. 4, ECF No. 8-4.) That rate card, as well as J & J's initial licensing agreement, confirm that the program was transmitted via encrypted, closed-circuit television. (*See* Mot. Default J., Exs. 4–5, ECF Nos. 9-4, 9-5.)

J & J filed a complaint alleging violations of 47 U.S.C. §§ 553, 605, as well as conversion. Although J & J properly served Christian, (*see* Return of Service, ECF No. 5), Christian never answered the complaint or otherwise defended himself. The clerk accordingly entered a default, as Federal Rule of Civil Procedure 55(a) requires. (*See* Order of Default, ECF No. 7.) J & J subsequently moved for a default judgment in its favor, requesting $151,500 in damages.

## ANALYSIS

This case is substantively identical to *J & J Sports Productions, Inc. v. Rumors Inc.*, Civil No. CCB-14-2046, 2014 WL 6675646 (D. Md. Nov. 21, 2014), which is incorporated by reference here. That case noted that J & J has long known "that in a case of non-egregious willfulness it was not eligible to recover the maximum damages authorized by statute and that it could not recover damages under section 553, section 605, and conversion for the same conduct." *Id.* at *4. J & J nevertheless persists in demanding maximum damages under both statutes, plus a bit more for its conversion claim. The court will not honor that request. Instead,

J & J is awarded $2,200, the price it would have paid to purchase a license to exhibit the match publicly to five people.

## CONCLUSION

J & J's motion for default judgment will be granted as to J & J's claim that Taylor Made violated 47 U.S.C. § 605.  Judgment will be granted in favor of J & J against Christian, in his capacity as trustee for Taylor Made's surviving assets, in the amount of $2,200.

A separate order follows.


<u>May 7, 2015</u>                                        <u>        /S/                                       </u>
Date                                                             Catherine C. Blake
                                                                       United States District Judge